# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD

**SUE ELLEN HARVEY,**

    **Plaintiff,**

    v.                        **Civil Action No. 1:15-cv-13470**

**NANCY A. BERRYHILL,**
 **Acting Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

    This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendations for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before this Court are Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 14), Defendant's Brief in Support of Defendant's Decision (ECF No. 19) and Plaintiff's Reply Brief (ECF No. 20).

    Sue Ellen Harvey (hereinafter referred to as Claimant), applied for DIB and SSI on July 21, 2011, alleging disability beginning April 15, 2011. The claims were denied initially on November 3, 2011, and upon reconsideration on April 5, 2012. Thereafter, Claimant filed a written request for a hearing before an administrative law judge (ALJ) on May 14, 2012. A video hearing was held on July 10, 2013, in with Claimant appearing by video from Beckley, West Virginia, and the ALJ presided over the hearing in Charleston, West Virginia. The ALJ left the record open to

allow Claimant's representative time to obtain and submit additional evidence. At the close of the hearing, the ALJ requested that Claimant undergo consultative psychological and physical examinations. Additional evidence was received and admitted into evidence by the ALJ as Exhibits 29F-33F. On March 27, 2014, the ALJ denied Claimant's applications.

Claimant filed a request for review of the hearing decision by the Appeals Council (AC). On July 28, 2015, the Appeals Council denied Claimant's request for review (Tr. at 1-4). The AC stated "We found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 1) and "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council" (Tr. at 2). On July 28, 2015, the AC made 62 pages of additional evidence received from Claimant part of the record (Tr. at 5). That evidence consists of the following exhibits:

| | |
|---|---|
| Exhibit 20E | Brief from Arla Ranston, Dated May 19, 2014 (6 pages) |
| Exhibit 34F | Records from Greenbrier Valley Medical Center dated February 2, 2014 (13 pages) |
| Exhibit 35F | Records from Raleigh County Community Mental Health, dated March 5, 2014 to April 2, 2014 (14 pages) |
| Exhibit 36F | Records from Dr. Eric Hopkins, dated February 11, 2014 to April 8, 2014 (17 pages) |
| Exhibit 37F | Records from Dr. Kyle Fort, dated February 2, 2014 to May 7, 2014 (50 pages) |
| Exhibit 38F | Records from Greenbrier Urology Associates, dated October 5, 2011 to May 7, 2011 (7 pages) |

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has

the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Childhood disability for individuals under the age of 18 years that are turning 18 shall be reviewed under the eligibility criteria for new applicants pursuant to section 1614(a)(3)(H). The medical improvement review in section 1614(a)(4) is different in that it is a periodic review used to determine if a child who has received disability continues to equal the listing(s).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2016). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b), 416.920(b). This step is not used for redetermining disability at age 18. *See* 20 C.F.R. § 416.987(b). The second inquiry is whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's

remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2016). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

When a claimant alleges a mental impairment, the Social Security Administration "must follow a special technique at every level in the administrative review process." 20 C.F.R. §§ 404.1520a(a) and 416.920a(a). First, the SSA evaluates the claimant's pertinent symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment and documents its findings if the claimant is determined to have such an impairment. Second, the SSA rates and documents the degree of functional limitation resulting from the impairment according to criteria as specified in 20 C.F.R. §§ 404.1520a(c) and 416.920a(c). Those sections provide as follows:

> *(c) Rating the degree of functional limitation.* (1) Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication and other treatment.
> (2) We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. See 12.00C through 12.00H of the Listing of Impairments in appendix 1 to this subpart for more information about the factors we consider when we rate the degree of your functional limitation.
> (3) We have identified four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of

>    decompensation. See 12.00C of the Listings of Impairments.
>    (4) When we rate the degree of limitation in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace), we will use the following five-point scale: None, mild, moderate, marked, and extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two, three, four or more. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity.

Third, after rating the degree of functional limitation from the claimant's impairment(s), the SSA determines their severity. A rating of "none" or "mild" in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace) and "none" in the fourth (episodes of decompensation) will yield a finding that the impairment(s) is/are not severe unless evidence indicates more than minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1). Fourth, if the claimant's impairment(s) is/are deemed severe, the SSA compares the medical findings about the severe impairment(s) and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment(s) meet or are equal to a listed mental disorder. 20 C.F.R. §§ 404.1520a(d)(2) and 416.920a(d)(2). Finally, if the SSA finds that the claimant has a severe mental impairment(s) which neither meets nor equals a listed mental disorder, the SSA assesses the Claimant's residual functional capacity. 20 C.F.R. §§ 404.1520a(d)(3) and 416.920a(d)(3). The Regulation further specifies how the findings and conclusion reached in applying the technique must be documented at the ALJ and Appeals Council levels as follows:

>    At the administrative law judge hearing and the Appeals Council levels, the written decision issued by the administrative law judge and the Appeals Council must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The

> decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period of time from her alleged onset date of April 15, 2011 (Tr. at 70).[1] Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative disc disease with levoscoliosis, chronic obstructive pulmonary disease (COPD), depression, anxiety and borderline intellectual functioning. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 73). The ALJ then found that Claimant had a residual functional capacity, through the date last insured, to perform light work[2] (Tr. at 75). The ALJ held that Claimant is unable to perform her past relevant work (Tr. at 81). Therefore, the ALJ concluded that Claimant was not disabled from April 15, 2011, through the date of the ALJ's decision, March 27, 2014 (Tr. at 83).

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial

---

[1] Claimant's date of last insured was December 31, 2015.
[2] Claimant can lift 20 pounds occasionally and 10 pounds frequently, stand at 2-hour intervals for a total of 4 hours in an 8-hour day, sit at 4-hour intervals for a total of 6 hours in an 8-hour day and walk at 2-hour intervals for a total of 4 hours in an 8-hour day. She can frequently reach overhead. She can have occasional exposure to hazards, fumes, and odors, dust, gases and poor ventilation. She can understand, remember and carry out simple tasks. She can respond appropriately to occasional interaction with co-workers and supervisors, but no interaction with the general public. She can make an adjustment to occasional changes in her work routine (Tr. at 75).

evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

### Claimant's Background

Claimant was born on April 18, 1960. She last completed the tenth grade but later obtained a GED (Tr. at 81-84). Claimant lives alone but her parents live in a home next door (Tr. at 95). Claimant has a driver's license.

### Medical Background

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

### Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ's decision is not based on substantial evidence as the ALJ failed to properly evaluate the opinion evidence (ECF No. 14). Claimant argues that the ALJ's decision is not supported by substantial evidence "as the inconsistencies she perceived in the record were mischaracterized or inaccurate." (*Id.*) Claimant avers that the ALJ committed reversible error in preventing Claimant's counsel from developing testimony regarding her prior work. Defendant asserts that the ALJ properly considered the medical opinions in this case (ECF No. 19). Defendant avers that Claimant's reliance on her GAF scores is misplaced. Additionally,

7

Defendant asserts that the ALJ properly evaluated Claimant's subjective complaints under the regulations and determined "the subject and scope of the testimony taken."

Additional Evidence submitted to the Appeals Council

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and 416.1470(b). SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material. According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review. This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a

necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

When read in combination with the applicable regulation, *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* reveals that a claimant need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.)

Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

<u>Exhibits 34F, 35F, 36F, 37F and 38F</u>

The Appeals Council admitted Claimant's medical records from Greenbrier Valley Medical Center, dated February 2, 2014, as **Exhibit 34 F** (Tr. at 960-972). Claimant presented with complaints of abdominal pain, right lower quadrant; urinary calculus and urinary obstruction (Tr. at 961). Claimant alleged a decrease range of motion (Tr. at 964). Claimant rated her pain to be a 7 on a scale of 1 to 10 with 10 being the most severe (Tr. at 961). Claimant reported "positive for fatigue." (*Id.*) A CT of the abdomen and pelvis were conducted on February 2, 2014 (Tr. at 967). Michael Ramsay, M.D., dictated in the Imaging Report that "There are multiple liver lesions. These appear to be cysts although without the addition of IV contrast, one cannot be certain about this. " (*Id.*) The Imaging Report found Claimant was "Negative for opaque renal culculi. Neither kidney is obstructed."

The Appeals Council admitted Claimant's medical records from Raleigh County Community Mental Health, dated January 14, 2014[3] to April 2, 2014, 2014, as **Exhibit 35F** (Tr. at 973-986). Records dated January 14, 2014, reflect that Claimant had individual therapy sessions with Glendy Africano, M.S., LPC, at the Community Mental Health Center on January 14, 2014, February 26, 2014, March 5, 2014, March 12, 2014, March 20, 2014, and March 27, 2014 regarding Claimant's depression (Tr. at 977-986).

A Mental Status Examination was performed on April 2, 2014 (Tr. at 974-976). Psychiatrist Edward Bez, DO, found that Claimant's memory reflected no impairment, knowledge

---

[3] The Court Transcript Index provides that Exhibit 35F contains evidence dated from March 5, 2014 to April 4, 2014, however, the medical documents are dated from January 14, 2014, to April 4, 2014.

was average, though content and judgment were appropriate (Tr. at 974). Dr. Bez diagnosed Claimant with recurring major depressive disorder and anxiety disorder (Tr. at 975).

The Appeals Council admitted Claimant's medical records from Eric S. Hopkins, M.D., dated February 11, 2014 through April 8, 2014 as **Exhibit 36 F** (Tr. at 987-1003). Claimant saw Dr. Hopkins on February 11, 2014, and on March 25, 2014, for complaints of chronic abdominal pain (Tr. at 993-987). Dr. Hopkins reported that Claimant "has developed significant dysphagia with solids as well as reflux changes." (*Id.*) He noted that Claimant's previous colonoscopy in 2013, revealed internal hemorrhoids and colonic polyps. On April 8, 2014, a Surgical Pathology Report,[4] reflected that Dr. Hopkins biopsied tissue from Claimant's gastric antrum and "polyp x2 ascending colon" (Tr. at 999-1000).

The Appeals Council admitted Claimant's medical records from Kyle F. Fort, M.D., dated Feburary 2, 2014 through May 7, 2015, as **Exhibit 37 F** (Tr. at 1004-1053). Dr. Fort's office visit notes[5] dated February 5, 2014, March 5, 2014, May 7, 2014, reflect that Claimant was seen due to "abdominal or flank pain and incomplete bladder emptying." (*Id.*)

Exhibit 37F also contained a Visit Summary dated February 3, 2014, from Daryl Trusty, DO, with the Greenbrier Valley Medical Center's Emergency Department (Tr. at 1040). The Visit Summary reports that Claimant was seen at the Emergency Department on February 2, 2014, due to back pain on the right side, abdominal pain on the right lower quadrant, urinary calculus and urinary obstruction. (*Id.*) An Imaging Report dated February 2, 2014, reflected that a CT of Claimant's abdomen and pelvis was administered (Tr. at 1043). The Imaging Report found that "There are multiple liver lesions. These appear to be cysts although without the addition of IV

---

[4] The copy of Dr. Hopkins' Operative Report dated April 8, 2014, in the hearing transcript is illegible to the undersigned due to poor copy quality (Tr. at 1001-1003).
[5] The copy of a portion of Dr. Fort's office visit notes dated May 7, 2014, in the hearing transcript is illegible to the undersigned due to poor copy quality (Tr. at 1017-1018).

contrast, one cannot be certain about this." (*Id.*) The Imaging Report found Claimant was "Negative for opaque renal culculi. Neither kidney is obstructed."

The Appeals Council admitted Claimant's medical records from Greenbrier Valley Urology Associates, dated October 5, 2011 through May 7, 2014, as **Exhibit 38 F** (Tr. at 1054-1060). These medical records[6] appear to reflect voided urinalysis ordered by Dr. Fort on October 5, 2011, May 9, 2012, May 16, 2012, June 6, 2012, February 5, 2014 and May 7, 2014 (Tr. at 1049-1060). Dr. Fort appears to have also ordered a "cath. spec." urinalysis on May 9, 2012 (Tr. at 1051, 1055).

Discussion

The ALJ held the record open after the hearing so that Claimant's attorney could obtain and submit additional evidence (Tr. at 68). The ALJ requested Claimant undergo consultative physical and psychological examinations. The additional evidence was received by the ALJ and entered into the record as Exhibits 29F-33F. A supplemental hearing was held by the ALJ on January 17, 2014, and a decision denying Claimant's applications was entered by the ALJ on March 27, 2014. The ALJ found that Claimant has severe impairments including depression, anxiety and degenerative disc disease with levoscoliosis. The ALJ held that Claimant has non-severe medical impairments including urological problems, two benign hepatic cysts, recurrent cecal polyps and internal hemorrhoids (Tr. at 71). The ALJ stated that he considered the functional limitations from both the severe and non-severe impairments when determining Claimant's residual functional capacity (Tr. at 71-72).

The ALJ's discussion on Claimant's non-severe impairments of polyps and hemorrhoids found that a colonoscopy performed on March 5, 2013 showed "internal hemorrhoids, redundant

---

[6] Dr. Fort's ordered urinalysis of Claimant are also contained in Exhibit 37F on transcript pages 1049-1053).

12

colon, no significant recurrence of the cecal polyp and a small ascending colon polyp" (Tr. at 72-73). The ALJ noted that Claimant testified to experiencing "diarrhea, constipation, nausea and vomiting," however, the ALJ held that "The duration, frequency or severity of these symptoms is not supported by any objective evidence" (Tr. at 73). The additional evidence admitted by the Appeals Council reflect the duration and frequency of Claimant's symptoms.

The ALJ stated that he considered the Physical Residual Functional Capacity Assessment completed by Narendra Parikshak, M.D., on October 26, 2011 (Tr. at 79). The ALJ gave "limited weight" to Dr. Parikshak's opinion as well as Dr. Williams' opinion affirming the PRFC on March 30, 2012, due to "new evidence entered into the record indicates the claimant is somewhat more limited than initially thought." (*Id.*) The ALJ did not reference any specific evidence or elaborate on the new evidence to which he referred. Additionally, the ALJ did not provide Dr. William's first name or any other identification.

In addressing Claimant's mental impairments, the ALJ held that considered singularly or in combination, Claimant's impairments did not meet or medically equal the criteria of Listings 12.02 Organic Mental Disorders, 12.04 Affective Disorder and 12.06 Anxiety Related Disorders. (*Id.*) The ALJ discussed a Psychiatric Review Technique Form completed by State agency consulting psychologist Holly Cloonan, Ph.D., dated September 23, 2011. The undersigned noted that on April 3, 2012, State agency psychological consultant Chester Frethiem, Psy.D., affirmed Dr. Cloonan's opinion. The ALJ gave "limited weight" to these opinion. The ALJ explained twice in regards to Dr. Cloonan and Dr. Frethiem's opinions that "new evidence entered into the record diminishes their value and shows the claimant more limited than initially thought" (Tr. at 74, 79). The ALJ did not reference any specific evidence or elaborate on the new evidence to which he referred.

On August 19, 2013, consultative psychologist Kelly Robinson, M.A., evaluated Claimant. Ms. Robinson diagnosed Claimant with major depressive disorder, recurrent, severe, without psychotic features; panic disorder with agoraphobia; generalized anxiety disorder; and borderline intellectual functioning (Tr. at 78). Ms. Robinson opined that Claimant has marked limitations in her ability to interact appropriately with the public, supervisors and co-workers; respond appropriately to usual work situations and to change in a routine work setting; and understand, remember and carry out complex instructions. The ALJ gave "no weight" to Ms. Robinson's opinions due to it being inconsistent. The ALJ found "A marked impairment in adaptability is not supported objectively through the examination, the claimant is not currently receiving mental health treatment, and insufficient rational was provided" (Tr. at 80-81). The additional evidence admitted by the Appeals Council contains mental health treatment records.

The ALJ's decision held that "In sum, the claimant has not shown that she has an impairment that would prevent her from engaging in competitive work activity… Her care and treatment for her back have been minimal and she is not receiving mental health treatment" (Tr. at 79). However, the additional evidence submitted after the ALJ's decision to the Appeals Council contains mental health medical records from Claimant's treating physicians, as well as, medical records from treating physicians reflecting Claimant's complaints of chronic pain.

The ALJ gave weight to numerous medical consultants based upon her consideration and the consistency of "the medical record as a whole." However, the ALJ's has not reviewed the record as a whole as he has not reviewed Exhibits 34F-38F. The additional records were admitted into evidence by the Appeals Council. This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings. The contents of the new evidence pertains to Claimant's back and abdominal pain, depression, anxiety,

colon polyps and bladder.

## Conclusion

This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings. The additional records, marked as Exhibits 34F, 35F, 36F, 37F and 38F, were admitted into evidence by the Appeals Council. As such, the undersigned suggests that the District Judge find that there is a reasonable possibility that the newly admitted evidence would have changed the outcome of the ALJ's decision. Additionally, the newly submitted evidence may have changed the weight given to medical opinions.

The undersigned respectfully recommends that the District Judge find that the ALJ's decision is not supported by substantial evidence as he has not reviewed the record as a whole. Accordingly, the undersigned suggests that the presiding District Judge remand this matter for further consideration. This Court makes no recommendation as to Claimant's remaining arguments. These issues may be addressed on remand.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Plaintiff's Brief in Support of Judgement on the Pleadings (ECF No. 14) to the extent Plaintiff seeks remand pursuant to sentence four of 42 U.S.C. § 405(g), **DENY** the Defendant's Brief in Support of Defendant's Decision (ECF No. 19), **REVERSE** the final decision of the Commissioner, and **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of

Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: February 28, 2017

Dwane L. Tinsley
United States Magistrate Judge